IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRIDGET SIWY-GRAHAM a/k/a )<br>BRIDGET SIWY, Debtor and )<br>ROBERT H. SLOAN, Trustee, )<br>)<br>Appellants, )<br>)<br>v. )<br>)<br>GILBERT A. CAROFF, Administrator CTA)<br>of the Estate of R. Thomas Strayer, )<br>and DENNIS J. STOFKO, )<br>individually and d/b/a THE LAW )<br>OFFICES OF R. THOMAS STRAYER, )<br>)<br>Appellees. ) | CIVIL ACTION NO. 3:2008-7<br><br>JUDGE GIBSON |

## MEMORANDUM OPINION and ORDER OF COURT

**GIBSON, J.**

Before the Court comes appellants Bridget Siwy-Graham, debtor, and the trustee of her estate, Robert H. Slone, with this notice of appeal (Document No. 1) from the United States Bankruptcy Court for the Western District of Pennsylvania pursuant to 28 U.S.C. § 158 and Federal Rule of Bankruptcy Procedure 8001. This notice appeals the Order of December 11, 2007 (Document No. 10-2), which reconsidered the Order of October 9, 2007 (Document No. 1-3). For the reasons set forth below, the decision of the Bankruptcy Court is affirmed.

### JURISDICTION AND VENUE

This court has original jurisdiction in this matter pursuant to 28 U.S.C. § 158. The Court has authority to "review findings of fact for clear error and exercise plenary review over questions of law." *In re Schick*, 418 F.3d 321, 323 (3d Cir. 2005).

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In 1988, Bridget Siwy-Graham (hereinafter "Graham") was involved in a motor vehicle accident in which her car struck a motorcycle being driven by Clyde Waddell, with his son as a passenger (hereinafter "the Waddells"). Order of October 9, 2007 (Document No. 1-3), p. 1. In December, 1997, the Waddells were awarded a $14.8 million verdict against Graham in the Cambria County Court of Common Pleas. Brief of Appellants (Document No. 9), p. 6. During this action, Graham was represented by Attorneys Thomas Strayer (now deceased) and Dennis Stofko (hereinafter "Strayer and Stofko"), who were retained by Graham's insurance company, Donegal Insurance (hereinafter "Donegal"). *Id.* The Waddells were represented by Attorney James Stuczynski (hereinafter "Stuczynski"). *Id.*

Following the judgment, the Waddells filed an involuntary chapter 7 petition against Graham and Robert Sloan was appointed Trustee of her estate. *Id.* Following investigation into the Cambria County Action, the trustee decided to retain Stuczynski to represent the estate as Special Counsel in an action against Donegal (hereinafter "the Donegal matter"). *Id.* Upon application, Stuczynski was approved for the Donegal matter by Judge Markovitz of the United States Bankruptcy Court for the Western District of Pennsylvania. Order of December 10, 1998 (Document No. 13), p. 3. In early 1999, Stuczynski filed suit against Donegal in Westmoreland County. Brief of Appellants (Document No. 9), p. 6.

In June 2000, without specific approval from Judge Markovitz, Stuczynski filed a complaint in state court, on behalf of the trustee, against Strayer and Stofko (hereinafter "the attorney action"). *See* Order of October 9, 2007, p. 2. In September 2000, the trustee brought a motion in the bankruptcy court

2

for leave to retain Anthony Falatovich (hereinafter "Falatovich") as Special Counsel to the debtor in the attorney action. *Id.* On June 5, 2007, the state court realized that Stuczynski had never been appointed as counsel for the attorney matter and ordered dismissal of the complaint unless Stuczynski could be added *nunc pro tunc* in the Bankruptcy Court. *Id.*

The trustee filed a motion with Judge Markovitz seeking *nunc pro tunc* appointment of Stuczynski and this motion was denied. *See* Order of October 9, 2007. The trustee then filed a Motion for Reconsideration with Judge Markovitz, but this motion was also denied. Order of December 11, 2007 (Document No. 10-2). This appeal follows the denial of the Motion to Reconsider. Notice of Appeal (Document No. 1).

## ANALYSIS

### I. PRESERVATION OF ISSUES FOR APPEAL

The appellants have essentially raised two issues on appeal. In the first issue the appellants request this court to find that Judge Markovitz committed error in his failure to find that Stuczynski previously had been appointed as special counsel to represent the estate in all matters. Brief of Appellants, p. 4. In the second issue the appellants request this court to find that, even if the judge never intended to appoint Stuczynski to represent the estate in all matters, the Trustee reasonably interpreted the judge's orders in that way, thus presenting extraordinary circumstances for a *nunc pro tunc* approval. *Id.* at pp. 4-5.

The appellees argue that these issues cannot be raised on appeal because they were first raised by the appellants in the Trustee's Motion to Reconsider, not in the original Motion to Reappoint. Brief of Appellees (Document No. 11), p. 10. More specifically, the appellees point to the fact that, in his

3

order denying the *nunc pro tunc* appointment of Stuczynski, Judge Markowitz notes that the only objection raised by the Trustee was a lack of standing. *Id.* at p. 11. Since the issues outlined in this appeal were not raised by the appellants until the Motion to Reconsider, the appellees argue that the issues are not preserved for appeal. *Id.*

The Third Circuit has held that an issue is waived and cannot be heard on appeal unless it was initially raised in the bankruptcy court. *Int'l Fin. Corp. v. Kaiser Group Int'l Inc. (In re Kaiser Group Int'l Inc.)*, 399 F.3d 558, 565 (3d Cir. 2005). This Circuit has also held that issues raised for the first time in a Motion to Reconsider are not preserved for appeal when the lower court has refused to consider the arguments. *Confer v. Custom Engineering Co.*, 952 F.2d 41, 44 (3d Cir. 1991). In *Confer*, the district court refused to entertain an issue of subrogation in a Motion to Reconsider because the plaintiffs "had ample opportunity to make...[that argument] and failed to do so adequately." *Id.* On appeal, the United States Court of Appeals for the Third Circuit held that the district court was correct in refusing to hear the argument, and in doing so prevented the issue from being preserved for appeal. *Id.*

In the instant case, throughout the Motion to Reappoint, the appellants failed to raise the issue that Judge Markovitz had given prior approval for the appointment of Stuczynski on all matters or the issue that extraordinary circumstances existed for a *nunc pro tunc* appointment. Order of October 9, 2007, p. 4. Despite this failure on the part of appellants, Judge Markovitz raised the issue of extraordinary circumstances *sua sponte* and found that no such circumstances existed to warrant *nunc pro tunc* appointment. *Id.* Later, in his order denying the Motion to Reconsider, Judge Markovitz acknowledged that the court had raised this issue *sua sponte* when he stated that the court saw "no

4

sound basis for reversing course and finding extraordinary circumstances." Order of December 11, 2007 (Document No. 10-2), p. 2. Because Judge Markovitz raised this issue on his own, this court finds that the issue is a part of the record and can be heard on appeal.

Unlike the issue of extraordinary circumstances, the issue of prior approval of appointment of Stuczynski was never raised by Judge Markovitz or by the appellants in the Motion to Reappoint. *See* Order of October 9, 2007. However, in his order denying the Motion to Reconsider, Judge Markovitz chose to acknowledge and deny the appellants' argument that the judge had given prior approval for Stuczynski to represent the estate on all matters. Order of December 11, 2007 (Document No. 10-2), pp. 1-2. Unlike the district court in *Confer*, Judge Markovitz did not refuse to hear the argument even though it was not raised prior to the Motion to Reconsider. *Confer*, 952 F.2d at 44. Because the issue was acknowledged and not considered waived by the bankruptcy court following the Motion to Reconsider, this court finds that the issue was preserved for appeal.

## II. PRIOR APPOINTMENT

The Fourth Circuit has previously held that "[i]t is peculiarly within the province of the district court...to determine the meaning of its own order." *Home Port Rentals, Inc. v. Ruben*, 957 F.2d 126, 131 (4th Cir. 1992), cert. denied, 506 U.S. 821, 113 S.Ct. 70, 121 L.Ed.2d 36 (1992). In *Ruben*, the appellants argued that the appellees had failed to re-file a suit within the 180 days provided by the district court. *Id.* The issued hinged on whether the phrase "180 days from the date of this Order" was meant to refer to the day that the order was signed or the day that the order became effective. *Id.* The district court explained that the order was meant to refer to the day that the order became effective and even though the court of appeals could see the potential confusion, it held that a district court may

5

properly determine the meaning of its own order and that this district court did not abuse its discretion by doing so. *Id.* Similarly, the Second Circuit has held that "the court's interpretation of its order will not be disturbed absent a clear abuse of discretion." *Truskoski v. ESPN*, 60 F.3d 74, 77 (2d Cir. 1995). *See also In re Sparks*, 181 B.R. 341, 345 (Bkrtcy. N.D.Ill. 1995)("The court issuing an order has the power to determine the meaning of the terms of that order."(citation omitted)).

In the instant case, the appellants ask this court to find that Judge Markovitz misinterpreted his own orders in determining that Stuczynski was not explicitly or implicitly appointed as counsel for all claims relating to the estate, or at least for the claim against Strayer and Stofko. Brief of Appellant, p. 3. Judge Markovitz ruled that his Order of December 10, 1998, approving Stuczynski as special counsel, applied only to the action against Donegal Insurance Company. Order of December 11, 2007 (Document No. 10-2), p. 2. Accordingly, this court will not disturb Judge Markovitz's interpretation unless a "clear abuse of discretion" can be established. *Truskoski*, 60 F.3d at 77.

In his Order approving the appointment of Stuczynski for the action against Donegal Insurance Company, Judge Markovitz wrote: "IT IS THEREFORE ORDERED that the employment of Bernard Stuczynski & Bonanti as special attorney for the debtor **on this specific action** be and hereby is approved." Order of December 10, 1998 (Document No. 13), p. 3 (emphasis added). Given the fact that the words "on this specific action" are used, it is quite difficult to see how one could interpret the order as one that authorizes Stuczynski to be the Special Counsel in all actions instituted by the estate. Even if it could be interpreted in that way, it cannot be said that Judge Markovitz abused his discretion when he ruled that the order was meant to appoint Stuczynski as Special Counsel for the Donegal matter only. *Truskoski*, 60 F.3d at 77.

6

In his order approving the appointment of Falatovich as special counsel for the debtors, Judge Markovitz included two statements in his "Special Final Decree" that potentially refer to Stuczynski. Order of October 11, 2000 (Document No. 13), p. 2. The first of these statements, listed as paragraph "b" in the decree, reads: "the estate's interest in the litigation vs. R. Thomas Strayer and Dennis Stofko . . . filed in the Court of Common Pleas of Westmoreland County, Pennsylvania . . . is not abandoned." *Id.* The second of these statements, listed as paragraph "d" in the decree, reads: "special counsel is authorized to continue representing the estate in litigating said claim on the terms set forth in prior Orders of this Court . . . ." *Id.* The appellants would have this court determine that this portion of the order could only apply to Stuczynski (since he was the only special counsel appointed) and could only apply to the action against the attorneys (since the reference to "said claim" was made shortly after affirming the continuation of that lawsuit). Brief of Appellants (Document No. 9), p. 10. While this court does agree that the paragraphs refer to Stuczynski, it does not agree that Judge Markovitz abused his discretion in ruling that the paragraphs only apply to the Donegal matter. Judge Markovitz indicated in his order denying the Motion to Reappoint that, in regard to the attorney matter, the trustee had "neither requested nor obtained approval to retain Stuczynski as special counsel . . . ." Order of October 9, 2007, p. 2. Because of this reality, the only prior order from the bankruptcy court was the Order of December 10, 1998. *See* Order of October 11, 2000 (Document No. 13), p. 2. This court can understand why Judge Markovitz's words in the "Special Final Decree," when read independently, could be interpreted to mean that he was giving approval for Stuczynski to represent the estate in the attorney matter. However, when these words are combined with the "on this specific action" statement from the December 10, 1998 order, an equally persuasive argument can be made that Stuczynski was

7

only given permission to represent the estate in the Donegal matter. Under this interpretation, paragraph "d" which reads: "special counsel is authorized to continue representing the estate in litigating said claim on the terms set forth in prior Orders of this Court," can be read to reaffirm Stuczynski's permission to continue litigating the Donegal matter. Order of October 11, 2000 (Document No. 13), p. 2. Because this argument is equally persuasive, it cannot be said that Judge Markovitz abused his discretion in determining that his orders were never intended to appoint Stuczynski as special counsel for the attorney matter and that the orders did not do so.

### III. *NUNC PRO TUNC* APPROVAL

Section 327(a) of Chapter 11 of the Bankruptcy Code states:

> Except as otherwise provided in this section, the trustee, **with the court's approval**, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327 (emphasis added). Explaining how a trustee must go about obtaining the court's approval, the Federal Rules of Bankruptcy Procedure state that "[t]he application shall be filed and, unless the case is a chapter 9 municipality case, a copy of the application shall be transmitted by the applicant to the United States Trustee." Fed. R. Bankr. P. 2014.

If a trustee fails to get the approval of the court before enlisting the services of an attorney, the Third Circuit has held that, in accordance with 11 U.S.C. § 327, the attorney may be approved by a court *nunc pro tunc* subject to a two-part test. *See In re Arkansas Co.*, 798 F.2d 645 (3d Cir. 1986). The first part of this test asks whether or not the attorney is disinterested and would have been appointed in the first place. *Id.* at 650. The second part asks whether or not extraordinary

8

circumstances exist to warrant a retroactive appointment. *Id*. In order to guide a court in deciding whether or not extraordinary circumstances exist, the court should look at factors such as:

> [W]hether the applicant was under time pressure to begin service without approval; the amount of delay after the applicant learned that initial approval had not been granted; the extent to which compensation to the applicant will prejudice innocent third parties; and other relevant factors.

*Id*. In addition to this two-part test, the Third Circuit has also held that "[a] decision to grant *nunc pro tunc* approval is in the discretion of the bankruptcy court and is reviewed for abuse of discretion only." *F/S Airlease II v. Simon*, 844 F.2d 99, 103 (3d Cir. 1988) (citations omitted).

In establishing its two-part test, the *Arkansas* court was seeking to create a rule that permitted retroactive approval only when "the delay in seeking approval was due to hardship beyond the professional's control." *Arkansas*, 798 F.2d at 650. The court noted that this was a harsh rule, but held that "a more lenient approach would reward laxity by counsel and might encourage circumvention of the statutory requirement." *Id*.

In the instant case, the appellants argue that the extraordinary circumstances necessary to warrant *nunc pro tunc* appointment exist as a result of a reasonable reliance on the Order of October 11, 2000. Brief of Appellant, p. 11. This theory reasons that the appellant made a good faith effort to comply with 11 U.S.C. § 327 when he concluded that paragraphs "b" and "d" of Judge Markovitz's "Special Final Decree" were intended to reaffirm that Stuczynski was permitted to represent the estate on all matters, including the attorney action. *Id*. at p. 15. Furthermore, it is argued that Stuczynski's reliance on this interpretation of the order justified the failure to specifically seek approval for his appointment on the attorney matter. *Id*.

9

Although this court agrees that, read alone, the Order of October 11, 2000 could be interpreted as an acknowledgment of the court's approval of Stuczynski's representation of the estate in the attorney matter, the same cannot be said when that order is read in conjunction with the Order of December 10, 1998. The 1998 order specifically states that Stuczynski was appointed only for the Donegal action; an action that is separate from the one against the attorneys. Order of December 10, 1998 (Document No. 13), p. 3. Given the wording of this order, it cannot be said that, prior to the Order of October 11, 2000, Judge Markovitz gave any indication that he approved of Stuczynski filing a lawsuit against the attorneys in state court. Under this backdrop, it is not reasonable to conclude that paragraphs "b" and "d" of the October 11, 2000 order are sufficient to grant or reaffirm permission to Stuczynski to prosecute the attorney action. *See* Order of October 11, 2000 (Document No. 13), p. 2. First, given the lack of authorization to pursue future claims in the 1998 order and the lack of any subsequent permission, these paragraphs could not be read to reaffirm Stuczynski as Special Counsel to represent the estate in the attorney matter. Second, the paragraphs cannot be read to grant permission to retain Stuczynski as Special Counsel for the attorney matter. Federal Rule of Bankruptcy Procedure 2014 makes it clear that in order to obtain the court's permission to appoint counsel, "the trustee or committee" must file an application and send a copy to the United States Trustee. Fed. R. Bankr. P. 2014. Given this rule, no reasonable attorney would assume that the unclear "Special Final Decree" in the Order of October 11, 2000 was sufficient to comply with Rule 2014.

In accordance with the above discussion, it cannot be said that the appellants' failure to appoint Stuczynski was a result of "hardship beyond the professional's control." *Arkansas*, 798 F.2d at 650. In fact, this is the type of situation that the *Arkansas* court sought to avoid when it held that "a more

10

lenient approach would reward laxity by counsel and might encourage circumvention of the statutory requirement." *Id.* The Order appointing Stuczynski as Special Counsel for the Donegal matter made it clear that the appointment was specific to that matter only. Order of December 10, 1998 (Document No. 13), p. 3. Even if the appellants reasoned that the attorney matter was the same action as the Donegal matter, this reasoning could have been easily affirmed or disproved through means such as a Motion for Clarification. Had such a motion been filed, the appellants would have been informed whether or not Stuczynski needed to reapply for approval in the attorney action. Following *Arkansas*, the court will not reward this laxity by holding that such an assumption constitutes "hardship beyond the professional's control." *Arkansas*, 798 F.2d at 650. Finally, because of the above discussion, the order approving Falatovich as Special Counsel for the debtors cannot be read to reaffirm the appointment of Stuczynski. Order of October 11, 2000 (Document No. 13), p. 2. Furthermore, the order cannot be read to appoint Stuczynski as Special Counsel because it does not conform with the Federal Rules of Bankruptcy Procedure. Fed. R. Bankr. P. 2014. Any reasonable attorney would understand that approval of an appointment cannot occur unless an application is filed and a copy of the application is sent to the United States Trustee. *Id.*

11

AND NOW, this 24th day of July, 2008, in accordance with the foregoing Memorandum Opinion, IT IS HEREBY ORDERED THAT the ruling of the United States Bankruptcy Court for the Western District of Pennsylvania denying the appellants' Motion to Reconsider (Document No. 10-2) is AFFIRMED.

BY THE COURT:

**KIM R. GIBSON**
**UNITED STATES DISTRICT JUDGE**